GEORGE KNOPFLER, ESQ. (State Bar No. 094041)
JAMES PAZOS, ESQ. (State Bar No. 163609)
KNOPFLER & PAZOS
An Association of Professional Law Corporations
315 South Beverly Hills Drive, Suite 200
Beverly Hills, CA 90212
Phone       (310) 556-1010
Fax         (310) 556-1011

Attorneys for Defendants, PAYMAN SIMONI and
SIMONI PLASTIC SURGERY, INC.

07 DEC 21 ... FILED

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESTYLE LIFT HOLDINGS, INC., a Michigan corporation; BEVERLY HILLS PLASTIC SURGERY CENTER, PROF. CORP., a California corporation; and SANTA ANA SURGICAL CENTER PROF. CORP., a California corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>PAYMAN SIMONI, an individual; and SIMONI PLASTIC SURGERY, INC., a California corporation,<br><br>        Defendants. | CASE NO. CV 07-07007 CAS PLAx<br><br>**DEFENDANTS' ANSWER AND COUNTERCLAIM** "BY FAX"<br><br>**JURY TRIAL DEMANDED** |

Defendants, SIMONI PLASTIC SURGERY INC ("SPLI") and PAYMAN

SIMONI, (hereinafter referred to collectively as "Defendants"), hereby answer the

Complaint (the "Complaint") filed by the Plaintiffs as follows:

    1.    Answering the allegations set forth in Paragraph 1 of the Complaint,

Defendants admit the allegations set forth therein.

    2.    Answering the allegations of Paragraph 2 of the Complaint,

Defendants do not have sufficient information or belief to enable them to answer

– 1 –

**DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT**

Dockets.Justia.com

1  such allegations and, based upon such lack of information or belief, Defendants
2  deny, generally and specifically, conjunctively and disjunctively, each and all of
3  the allegations of Paragraph 2.

4      3. Answering the allegations set forth in Paragraph 3 of the Complaint,
5  Defendants admit the allegations set forth therein.

6      4. Answering the allegations set forth in Paragraph 4 of the Complaint,
7  Defendants admit the allegations set forth therein.

8      5. Answering the allegations set forth in Paragraph 5 of the Complaint,
9  Defendants admit the allegations set forth therein.

10      6. Answering the allegations set forth in Paragraph 6 of the Complaint,
11  Defendants admit the allegations set forth therein.

12      7. Answering the allegations of Paragraph 7 of the Complaint,
13  Defendants do not have sufficient information or belief to enable them to answer
14  such allegations and, based upon such lack of information or belief, Defendants
15  deny, generally and specifically, conjunctively and disjunctively, each and all of
16  the allegations of Paragraph 7.

17      8. Answering the allegations of Paragraph 8 of the Complaint,
18  Defendants deny that "Lifestyle Lift" is a distinct procedure. With regard to the
19  remaining paragraph, Defendants do not have sufficient information or belief to
20  enable them to answer such allegations and, based upon such lack of information
21  or belief, Defendants deny, generally and specifically, conjunctively and
22  disjunctively, each and all of the allegations of Paragraph 8.

23      9. Answering the allegations of Paragraph 9 of the Complaint,
24  Defendants do not have sufficient information or belief to enable them to answer
25  such allegations and, based upon such lack of information or belief, Defendants
26  deny, generally and specifically, conjunctively and disjunctively, each and all of
27  the allegations of Paragraph 9.

28

Dec.21. 2007 11:11AM     KNOPFLER SMITH & PAZOS APLC          No.9963     p. 3

1        10.    Answering the allegations of Paragraph 10 of the Complaint,

2 Defendants deny that Simoni performed cosmetic and plastic surgery procedures at

3 the SASC facility. Defendants admit that Defendant Simoni signed a written

4 professional services agreement with Plaintiff SASC and that a copy of the

5 July 19, 2006 Agreement is attached to the Complaint as Exhibit "2." Except as

6 specifically admitted herein, Defendants deny, generally and specifically,

7 conjunctively and disjunctively, each and every remaining allegation in this

8 paragraph.

9        11.    Answering the allegations of Paragraph 11 of the Complaint,

10 Defendants admit that Simoni performed cosmetic and plastic surgery procedures

11 at the BHPSC facility. Except as specifically admitted herein, Defendants deny,

12 generally and specifically, conjunctively and disjunctively, each and every

13 remaining allegation in this paragraph.

14      12.    Answering the allegations set forth in Paragraph 12 of the Complaint,

15 Defendants admit the allegations set forth therein.

16      13.    Answering the allegations of Paragraph 13 of the Complaint,

17 Defendants admit that with regard to the patients treated by Simoni, Defendant

18 Simoni generally had access to the patient identities, patient contact information,

19 medical disclosures by patients and photographs of these patients. Except as

20 specifically admitted herein, Defendants deny, generally and specifically,

21 conjunctively and disjunctively, each and every remaining allegation in this

22 paragraph.

23      14.    Answering the allegations of Paragraph 14 of the Complaint,

24 Defendants deny, generally and specifically, conjunctively and disjunctively, each

25 and every allegation in this paragraph.

26      15.    Answering the allegations of Paragraph 15 of the Complaint,

27 Defendants admit that Defendant SPSI applied with the US Patent & Trademark

28 Office for its own registered service mark, the "Simoni Lift." Except as

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

specifically admitted herein, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in this paragraph.

16. Answering the allegations of Paragraph 16 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

17. Answering the allegations of Paragraph 17 of the Complaint, Defendants admit that Defendants used and continue to use the website, URL www.dr.simoni.com and that the website references "Lifestyle Lift" in text and in metatags. Except as specifically admitted herein, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every remaining allegation in this paragraph.

18. Answering the allegations of Paragraph 18 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

19. Answering the allegations of Paragraph 19 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

20. Answering the allegations of Paragraph 19 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

21. Answering the allegations of Paragraph 21 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

22. Answering the allegations of Paragraph 22 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

Dec.21. 2007 11:11AM   KNOPFLER SMITH & PAZOS APLC   No.9963   P. 5

23. Answering the allegations of Paragraph 23 of the Complaint, Defendants admit that Defendant Simoni used his own personal digital camera to take "after" photos of some of his patients seen at the BHPSC facility. Except as specifically admitted herein, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

24. Answering the allegations of Paragraph 24 of the Complaint, Defendants admit that patients seen by Defendant Simoni granted Dr. Simoni consent for him to use the "after" photos he took with his personal digital camera. Except as specifically admitted herein, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

25. Answering the allegations of Paragraphs 25 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

26. Answering the allegations of Paragraph 26 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

27. Answering the allegations of Paragraph 27 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

## Claim for Relief

## COUNT ONE

### For Trademark Infringement [15 U.S.C. §1114(1)]

28. Answering the allegations of Paragraph 28 of the Complaint, Defendants incorporate by this reference each response in Paragraphs 1-27, inclusive, above as though fully set forth herein.

/ / /

Dec.21. 2007 11:11AM    KNOPFLER SMITH & PAZOS APLC                No.9953    p. 6

1    29.    Answering the allegations of Paragraph 29 of the Complaint,

2 Defendants do not have sufficient information or belief to enable them to answer

3 such allegations and, based upon such lack of information or belief, Defendants

4 deny, generally and specifically, conjunctively and disjunctively, each and all of

5 the allegations of Paragraph 29.

6    30.    Answering the allegations of Paragraph 30 of the Complaint,

7 Defendants do not have sufficient information or belief to enable them to answer

8 such allegations and, based upon such lack of information or belief, Defendants

9 deny, generally and specifically, conjunctively and disjunctively, each and all of

10 the allegations of Paragraph 30.

11    31.    Answering the allegations of Paragraph 31 Defendants admit that

12 Defendants reference the "Lifestyle Life" on the website without consent of

13 Plaintiff, Lifestyle Lift Holdings, Inc. Except as specifically admitted herein,

14 Defendants deny, generally and specifically, conjunctively and disjunctively, each

15 and every allegation in this paragraph.

16                          **Claim for Relief**

17                            **COUNT TWO**

18    **For Unfair Competition by Infringement [15 U.S.C. §1125(a)(1)]**

19    32.    Answering the allegations of Paragraph 32 of the Complaint,

20 Defendants incorporate by this reference each response in Paragraphs 1-31,

21 inclusive, above as though fully set forth herein.

22    33.    Answering the allegations of Paragraph 33 of the Complaint,

23 Defendants deny, generally and specifically, conjunctively and disjunctively, each

24 and every allegation in this paragraph.

25    34.    Answering the allegations of Paragraph 34 of the Complaint,

26 Defendants deny, generally and specifically, conjunctively and disjunctively, each

27 and every allegation in this paragraph.

28

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

Dec.21. 2007 11:12AM    KNOPFLER SMITH & PAZOS APLC    No.9963    P. 7

1      35.    Answering the allegations of Paragraph 35 of the Complaint,

2 Defendants deny, generally and specifically, conjunctively and disjunctively, each

3 and every allegation in this paragraph.

4 <u>**Claim for Relief**</u>

5 **COUNT THREE**

6 **For Unfair Competition by False Advertising [15 U.S.C. §1125(a)(2)]**

7      36.    Answering the allegations of Paragraph 36 of the Complaint,

8 Defendants incorporate by this reference each response in Paragraphs 1-35,

9 inclusive, above as though fully set forth herein.

10     37.    Answering the allegations of Paragraph 37 of the Complaint,

11 Defendants deny, generally and specifically, conjunctively and disjunctively, each

12 and every allegation in this paragraph.

13     38.    Answering the allegations of Paragraph 38 of the Complaint,

14 Defendants deny, generally and specifically, conjunctively and disjunctively, each

15 and every allegation in this paragraph.

16     39.    Answering the allegations of Paragraph 39 of the Complaint,

17 Defendants deny, generally and specifically, conjunctively and disjunctively, each

18 and every allegation in this paragraph.

19 <u>**Claim for Relief**</u>

20 **COUNT FOUR**

21 **For Misappropriation of Trade Secrets Under State Law**

22 **[Civ. Code §3426 et seq.]**

23     40.    Answering the allegations of Paragraph 40 of the Complaint,

24 Defendants incorporate by this reference each response in Paragraphs 1-39,

25 inclusive, above as though fully set forth herein.

26     41.    Answering the allegations of Paragraph 41 of the Complaint,

27 Defendants deny, generally and specifically, conjunctively and disjunctively, each

28 and every allegation in this paragraph.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

Dec. 21. 2007 11:12AM    KNOPFLER SMITH & PAZOS APLC    No. 9963   P. 8

42. Answering the allegations of Paragraph 42 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

43. Answering the allegations of Paragraph 43 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

44. Answering the allegations of Paragraph 44 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

45. Answering the allegations of Paragraph 44 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

## Claim for Relief

## COUNT FIVE

### For Unfair Competition under State Law

### [Bus. Prof. Code §17200 et seq.]

46. Answering the allegations of Paragraph 46 of the Complaint, Defendants incorporate by this reference each response in Paragraphs 1-45, inclusive, above as though fully set forth herein.

47. Answering the allegations of Paragraph 47 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

## Claim for Relief

## COUNT SIX

### For Unfair Competition under State Common Law

48. Answering the allegations of Paragraph 48 of the Complaint, Defendants incorporate by this reference each response in Paragraphs 1-47, inclusive, above as though fully set forth herein.

- 8 -

Dec. 21. 2007 11:12AM    KNOPFLER SMITH & PAZOS APLC    No. 9963    p. 9

49. Answering the allegations of Paragraph 47 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

50. Answering the allegations of Paragraph 47 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

## Claim for Relief

### COUNT SEVEN

### For Conversion

51. Answering the allegations of Paragraph 51 of the Complaint, Defendants incorporate by this reference each response in Paragraphs 1-51, inclusive, above as though fully set forth herein.

52. Answering the allegations of Paragraph 52, Defendants do not have sufficient information to enable them to answer such allegations and, based upon such lack of information or belief, Defendants deny, generally and specifically, conjunctively and disjunctively, each and all of the allegations of Paragraph 52.

53. Answering the allegations of Paragraph 53 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

54. Answering the allegations of Paragraph 53 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

///
///
///
///

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

Dec.21. 2007 11:12AM    KNOPFLER SMITH & PAZOS APLC          No.9963    P. 10

## Claim for Relief

## COUNT EIGHT

### For Negligence

55.     Answering the allegations of Paragraph 55 of the Complaint, Defendants incorporate by this reference each response in Paragraphs 1-54, inclusive, above as though fully set forth herein.

56.     Answering the allegations of Paragraph 56 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

57.     Answering the allegations of Paragraph 57 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

58.     Answering the allegations of Paragraph 58 of the Complaint, Defendants deny, generally and specifically, conjunctively and disjunctively, each and every allegation in this paragraph.

### Affirmative Defense

Defendants, as and for their affirmative defenses, states as follows:

### FIRST AFFIRMATIVE DEFENSE

59.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that the Complaint fails to state any claim upon which any relief can be granted as against Defendants.

### SECOND AFFIRMATIVE DEFENSE

60.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs, and each of them, do not own the trademark rights asserted against Defendants.

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

61.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' alleged mark is invalid and unenforceable under the Trademark laws because it is descriptive of Plaintiffs' services and lacks secondary meaning.

## FOURTH AFFIRMATIVE DEFENSE

62.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' alleged mark is invalid and unenforceable under the Trademark laws because the mark is generic and lacks secondary meaning.

## FIFTH AFFIRMATIVE DEFENSE

63.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that any use by Defendants of Plaintiffs' alleged mark constituted a fair, nominative and comparative use.  15 U.S.C.A. § 1125(c)(1).

## SIXTH AFFIRMATIVE DEFENSE

64.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs cannot demonstrate any likelihood of confusion, or that the public has or will be misled or confused as to the source of Defendants' services, or that Defendants' services are associated with or endorsed by Plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

65.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs are misusing their alleged trademark by attempting to prevent Defendants from practicing the Simoni Lift or any other modification of the procedure.

Dec.21. 2007 11:12AM   KNOPFLER SMITH & PAZOS APLC          No.9953   P. 12

## EIGHTH AFFIRMATIVE DEFENSE

66.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' claims are barred by the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

67.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' claims are barred by the doctrine of Laches.

## TENTH AFFIRMATIVE DEFENSE

68.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have acted to restrain trade and injury competition and has committed other acts constituting misuse of the trademarks and unfair competition.

## ELEVENTH AFFIRMATIVE DEFENSE

69.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that neither Defendants, nor Defendants' SPSI's officers, directors or managing agents acted intentionally or willfully to commit any infringing acts.

## TWELFTH AFFIRMATIVE DEFENSE

70.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs are not entitled to recover any monetary damages from Defendants because, at all times relevant to Plaintiffs' Complaint, Defendants' acts in connection with the trademark were committed without knowledge or intent to cause confusion or mistake or to deceive the public as to the source of origin of goods or services bearing the mark. Business and Professions Code section 14320, subds. (b) and (c).

## THIRTEENTH AFFIRMATIVE DEFENSE

71.    As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that the information alleged to be a trade secret in the complaint is not a trade secret as defined in Civil Code §3426.1, subd. (d) in that the information alleged to be a trade secret does not derive independent economic value, actual or potential, from not being generally known to the public or to other persons who can economically benefit from its disclosure or use and/or was not the subject of efforts to maintain its secrecy that are reasonable under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE

72.    As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that the information alleged to be a trade secret was not acquired by Defendants by improper means, and any disclosure or use of the information was with Plaintiffs' and/or their agents' or licensees' express or implied consent.

## FIFTEENTH AFFIRMATIVE DEFENSE

73.    As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that any and all business activities by Defendants were committed in good faith and were reasonable, justified and/or privileged under the circumstances.

## SIXTEENTH AFFIRMATIVE DEFENSE

74.    As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' recovery, if any, is subject to an offset and/or setoff in accordance with the detriment caused by Plaintiffs upon the Defendants as a result of Plaintiffs' breach of contract and other tortious acts.

## SEVENTEENTH AFFIRMATIVE DEFENSE

75.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs are not entitled to recovery on the ground that Plaintiffs are not the real party in interest and, as such, lacks standing to sue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

76.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs are not entitled to recovery on the ground that Plaintiffs' recovery is based, in whole or in part, on a contractual provisions which are illegal, against public policy and/or otherwise void or voidable under California law.

## NINETEENTH AFFIRMATIVE DEFENSE

76.     As and for affirmative defenses to each and all of the claims alleged in the Complaint, Defendants are informed and believe and, based thereon, allege that Plaintiffs' claims are barred by the doctrine of Unclean Hands and Estoppel.

WHEREFORE, Defendants pray as follows:

1.     That Plaintiffs take nothing by reason of their complaint, that judgment be rendered in favor of Defendants;

2.     That Defendants be awarded costs of suit incurred in defense of this action; and

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

1    3.    For such other relief as the Court deems proper.

2

3    DATED: December 21, 2007          KNOPFLER & PAZOS
                                       An Association of Professional Law Corps.
4

5

6                                      By: _____
                                           James Pazos, Esq.
7                                          Attorneys for Defendants
                                           Payman Simoni and
8                                          Simon Plastic Surgery, Inc.

9

10

11

12

13                        **<u>DEMAND FOR JURY</u>**

14        Defendants hereby demand trial by jury.

15
     DATED: December 21, 2007          KNOPFLER & PAZOS
16                                     An Association of Professional Law Corps.

17

18                                     By: _____
                                           James Pazos, Esq.
19                                         Attorneys for Defendants
                                           Payman Simoni and
20                                         Simon Plastic Surgery, Inc.

21

22

23

24

25

26

27

28

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

# COUNTERCLAIM

As and for his Counterclaim, Payman Simoni alleges as follows:

1. Dr. Payman Simoni is a resident of the State of California and a licensed physician practicing in the County of Los Angeles, State of California.

2. Upon information and belief, Lifestyle Lift Holdings, Inc. ("LLH") is a corporation, incorporated under the laws of the State of Michigan, but doing business in the County of Los Angeles, State of California through its affiliation with Beverly Hills Plastic Surgery Center ("BHPSC") and Santa Ana Surgical Center ("SASC").

3. Upon information and belief, Beverly Hills Plastic Surgery Center is a professional corporation, incorporated under the laws of the State of California, with its principal place of business the County of Los Angeles, State of California.

4. Upon information and belief, Dr. Simoni alleges that Santa Ana Surgical Center is a professional corporation, incorporated under the laws of the State of California, and doing business in the County of Orange, State of California.

5. Upon information and belief, Dr. Simoni alleges that Plaintiffs and each of them are, and at all times herein mentioned were, the agents, affiliates, joint venturers, of their co-Plaintiffs, and in committing the acts herein alleged, were acting within the scope of such affiliation with the knowledge, permission, consent or subsequent ratification of their co-Plaintiffs.

6. Upon information and belief, Dr. Simoni alleges that Plaintiff, Lifestyle Lift Holdings, Inc., is liable for the acts of Plaintiffs BHPSC and SASC alleged in this complaint individually and as its alter ego. Recognition of the privilege of separate existence would promote injustice because Plaintiff, Lifestyle Lift Holdings, Inc., dominated and controlled its co-Plaintiffs by (A) committing the acts alleged herein with the intent to avoid performance by use of corporate entities, BHPSC, and SASC, as a shield against liability against itself and

Dec.21. 2007 11:13AM    KNOPFLER SMITH & PAZOS APLC    No.9963    P. 17

1  (B) using BHPSC and SASC as a mere shell, instrumentality, or conduit for
2  Lifestyle Lift Holdings, Inc's business activities.

3      7.   Jurisdiction is proper under 28 U.S.C. §1367(a) as the claims stated
4  herein also form part of the same case or controversy under Article III of the
5  United States Constitution as set forth in Plaintiffs' complaint.

6                          **GENERAL ALLEGATIONS**

7      8.   Upon information and belief, Dr. Simoni alleges that on or about,
8  June 2006, while Dr. Simoni resided in the State of New York, Ken Fields, a
9  managing agent of Lifestyle Lift Holdings, Inc., informed Dr. Simoni that
10  "Lifestyle Lift" was interested in retaining Dr. Simoni to provide medical services
11  at Lifestyle Lift Holdings, Inc.'s facilities in Beverly Hills and Santa Ana,
12  California (hereinafter referred to collectively as the "Facilities"). At about that
13  time, Plaintiffs represented to Dr. Simoni that Dr. Simoni could provide the above
14  referenced medical services at Plaintiffs' facilities as an independent contractor,
15  thereby allowing Dr. Simoni to develop his own professional practice.

16     9.   As a further inducement for Dr. Simoni to terminate his employment
17  in New York and relocate to California, Plaintiffs represented to Dr. Simoni that
18  he would be paid a minimum of $25,000 per month, plus a monthly bonus based
19  upon the services performed by Dr. Simoni. Ken Fields specifically represented to
20  Dr. Simoni that Dr. Simoni's compensation, including bonus, would total
21  $600,000 a year. Plaintiffs further induced Dr. Simoni to terminate his prior
22  employment by August 31, 2006 and to move to California by representing that
23  Dr. Simoni could begin providing his services at Plaintiffs' facilities on
24  September 1, 2006.

25     10.  As a additional inducement to cause Dr. Simoni to terminate his prior
26  employment and relocate to California, Plaintiffs represented and agreed to
27  compensate Dr. Simoni for "tail" coverage regarding his malpractice insurance in
28  the event that his agreement with Plaintiffs was terminated.

- 17 -

Dec.21. 2007 11:13AM   KNOPFLER SMITH & PAZOS APLC            No.9963   P. 18

1        11.    Relying upon Plaintiffs' representations as set forth herein, on or

2 about August 2006, Dr. Simoni resigned from his employment in New York and

3 commenced the process of relocating to California.

4        12.    Thereafter, Dr. Simoni entered into an agreement (hereinafter the

5 "Santa Ana Agreement") with Plaintiff, SASC, with an effective date of

6 September 1, 2006. A true and correct copy of said agreement is attached hereto

7 as Exhibit "A" and incorporated herein as though fully set forth.

8        13.    Dr. Simoni also entered into an agreement (hereinafter the "Beverly

9 Hills Agreement") with Plaintiff, BHPSC, with an effective date of October 1,

10 2006. A true and correct copy of said agreement is attached hereto as Exhibit "B"

11 and incorporated herein as though fully set forth.

12        14.    However, after Dr. Simoni resigned from his employment in New

13 York, Plaintiffs did not permit Dr. Simoni to provide his services at Plaintiffs'

14 facilities as promised in September 2006, but delayed the commencement of his

15 practice until February 2007.

16        15.    From February 2007 up through July 2007, Dr. Simoni provided

17 medical services to patients at Plaintiffs' facilities in Beverly Hills. During that

18 time, Dr. Simoni complained to Plaintiffs of various problems with regard to the

19 health care provided by and at Plaintiffs' facility, including, but not limited to:

20        (A)    Plaintiffs' failure to provide properly sterilize equipment in

21               connection with surgical procedures;

22        (B)    Plaintiffs' failure to provide complete I.V. sets in connection with

23               surgical procedures

24        (C)    Plaintiffs' failure to have a complete "advanced cardiac support kit;"

25        (D)    Plaintiffs' failure to provide surgical staff adequately trained in,

26               among other things, proper sterilization techniques and patient safety

27               protocols.

28

16. Additionally, Dr. Simoni advocated that Plaintiffs should conduct a "pregnancy test" for female patients prior undergoing surgical procedures.

17. Dr. Simoni also complained that Plaintiffs' facilities were improperly managed in that patient charts, photographs and other patient records were routinely lost or otherwise unavailable.

18. Upon information and belief, Dr. Simoni alleges that Plaintiffs engaged in unfair and unlawful business practices which effectively retaliated against and penalized Dr. Simoni. More specifically, Plaintiffs devised and implemented internal procedures aimed at encouraging unlicensed staff (known as "Physician Consultants") to promote and sell unnecessary and unwarranted procedures to patients by depriving the patients of information and/or misleading patients as to the true surgical outcome or downtime. Plaintiffs' directed and\or encouraged unlicensed staff to engage in the aforementioned conduct by, among other things, forcing staff to meet Plaintiffs' mandatory "sales quotas" and by firing those employees how failed to engage in these practices.

19. Upon information and belief, Dr. Simoni alleges that Plaintiffs advanced their unfair and unlawful business practice by having Plaintiffs' unlicensed Physician Consultants be the first individuals to see patients entering Plaintiffs' facilities. These "Physician Consultants" wore white smocks typically worn by licensed physicians and made health care recommendations to patients in a manner that had a tendency to mislead patients into believing that the patients were being seen by a licensed health care provider when, in fact, the patients were not. Since the failure to meet the required quotas typically resulted in the loss of employment, Physician Consultants were encouraged to "sell" procedures, regardless of whether the procedures were necessary or warranted.

20. Following these consultations, patients where then re-directed to physicians at Plaintiffs' facilities to perform the recommended and agreed upon procedures. As a result of this practice, patients would simply appear in the

1  operating room for their surgical procedures without having been seen or
2  otherwise evaluated by a licensed physician.

3      21.   Dr. Simoni urged Plaintiffs to implement procedures to ensure that
4  patients had been seen and examined by a licensed medical professional prior to
5  entering operating room.  Moreover, Dr. Simoni refused to perform the
6  "unnecessary" and "unwarranted" procedures "recommended" and promoted by
7  Plaintiffs' Physician Consultants.  Of course, Dr. Simoni's refusal to perform the
8  unwarranted procedures made it more difficult for the Physician Consultants to
9  reach their quotas.  Finally, Plaintiffs' unlicensed staff attempted to prevent
10  Dr. Simoni from providing his patients with appropriate health care options,
11  insisting that Dr. Simoni simply promote and sell procedures which were
12  financially beneficial to Plaintiffs, regardless of whether the procedures were
13  warranted or beneficial to the patient.

14      22.   As a result of Dr. Simoni's conduct aimed toward ensuring that his
15  patients received appropriate health care, Plaintiffs, in bad faith, penalized
16  Dr. Simoni by directing patients away from Dr. Simoni and, ultimately, by
17  terminating the Beverly Hills Agreement.

18              **First Counterclaim for Relief**
19          **by Defendant Simoni against LLH and BHPSC**
20                  **[for Breach of Contract]**

21      23.   Defendant Simoni incorporates by reference the allegations contain in
22  the preceding paragraphs as if fully set forth herein.

23      24.   Upon information and belief, Dr. Simoni alleges that he performed all
24  conditions, covenants, and promises required on his part to be performed in
25  accordance with the terms and conditions of the Beverly Hills Agreement and the
26  Santa Ana Agreement, except as excused by the acts, omissions and conduct of
27  Plaintiffs.

28

25.     Upon information and belief, Dr. Simoni alleges that Plaintiffs breached the Beverly Hills Agreement by failing to pay or otherwise compensate Dr. Simoni in connection with the cost of maintaining "tail" insurance coverage as required by the Agreement;

26.     Upon information and belief, Dr. Simoni alleges that Plaintiffs further breached the Beverly Hills Agreement and Santa Ana Agreement by breaching the covenant of good faith and fair dealing.  Specifically, Plaintiffs breached the Agreements by delaying his starting date from September 2006 to February 2007.

27.     Moreover, Plaintiffs breached the covenant of good faith and fair dealing when Plaintiffs penalized Dr. Simoni for advocating appropriate health care for his patients by directing patients away from Dr. Simoni.

28.     Dr. Simoni discovered Plaintiffs' breaches within two years of filing the instant complaint.

29.     Upon information and belief, as a direct consequence of Plaintiffs' breaches of the Agreements, Dr. Simoni has suffered damages and continue to suffer damages, according to proof, but in excess of $50,000, plus pre-judgment interest since July 2007.

30.     Dr. Simoni has also retained the services of attorneys and incurred attorney's fees and costs of litigation with respect to the breach of the Agreements by Plaintiffs and, as such, is entitled to recover attorney's fees and costs necessitated by legal action to enforce the terms of these Agreements.

**Second Counterclaim for Relief**

**by Defendant Simoni against Plaintiffs LLH and BHPSC**

**[for Intentional Interference with Economic Advantage]**

31.     Defendant Simoni incorporates by reference the allegations contain in the preceding paragraphs as if fully set forth herein.

32.     Upon information and belief, Dr. Simoni alleges that after his Agreement with Plaintiff BHPSC was terminated, several patients contacted

- 21 -

1 Plaintiffs seeking the health care services of Dr. Simoni. Rather than informing
2 these patients that Dr. Simoni was no longer affiliated with Plaintiffs, Plaintiffs
3 misrepresented to these patients that Dr. Simoni was still affiliated with Plaintiffs
4 in order to induce these patients to seeks health care services from the Plaintiffs by
5 encouraging them to come to Plaintiffs' facility to receive health care services
6 from Dr. Simoni.

7     33. Upon information and belief, Dr. Simoni alleges that Plaintiffs knew
8 of the relationship between Dr. Simoni and these patients and intended to disrupt
9 the relationship.

10     34. Upon information and belief, Dr. Simoni alleges that Plaintiffs
11 engaged in the aforementioned wrongful conduct with the intent to disrupt the
12 relationship and, in fact, Dr. Simoni's relationship with these patients was
13 disrupted as a result of Plaintiffs' conduct.

14     35. Upon information and belief, Dr. Simoni alleges that Defendants were
15 harmed as a result of the disruption of his relationship with his patients and
16 Plaintiffs' wrongful conduct was a substantial factor in causing the harm.

17     36. Upon information and belief, Dr. Simoni alleges that as a direct and
18 proximate result of Plaintiffs' wrongful conduct, Dr. Simoni has been damaged
19 and continues to suffer damage in an amount according to proof at trial.

20     37. Upon information and belief, Dr. Simoni alleges that Plaintiffs'
21 wrongful conduct was taken with the intent to injure Dr. Simoni, or with a willful
22 and conscious disregard of Dr. Simoni's rights and property and that such
23 wrongful conduct constitutes clear and convincing evidence of despicable,
24 outrageous, oppressive, and malicious conduct pursuant to California Civil Code
25 §3294. As such, Dr. Simoni is entitled to punitive damages and exemplary
26 damages against Plaintiffs for the sake of example and to punish Plaintiffs for his
27 unlawful conduct.

28

**Third Counterclaim for Relief**

**by Defendant Simoni against Plaintiffs LLH and BHPSC**

**[for Negligent Interference with Economic Advantage]**

38. Defendant Simoni incorporates by reference the allegations contain in the preceding paragraphs as if fully set forth herein.

39. Upon information and belief, Dr. Simoni alleges that after Dr. Simoni's agreement with Plaintiffs was terminated, several patients contacted Plaintiffs seeking the health care services of Dr. Simoni. Rather than informing these patients that Dr. Simoni was no longer affiliated with Plaintiffs, Plaintiffs misrepresented to the patients that Dr. Simoni was still affiliated with Plaintiffs and encouraged the Patients to come to Plaintiffs' facility to receive health care services from Dr. Simoni.

40. Upon information and belief, Dr. Simoni alleges that Plaintiffs knew or should have known of the relationship between Dr. Simoni and the aforementioned patients and that the relationship would be disrupted if Plaintiffs failed to act with reasonable care. Nevertheless, Plaintiffs failed to act with reasonable care by representing to Dr. Simoni's patients that Dr. Simoni was still affiliated with the Plaintiffs and by encouraging these patients to come to Plaintiffs facility to receive health care services from Dr. Simoni.

41. Plaintiffs knew or should have known that their conduct with regard to Dr. Simoni's patients would disrupt the relationship between Dr. Simoni and his patients and, in fact, Dr. Simoni's relationship with these patients was disrupted as a result of this conduct.

42. Plaintiff is informed and believes and thereon alleges that Plaintiff was harmed as a result of the disruption of his relationship with his patients, and Plaintiffs wrongful conduct was a substantial factor in causing Dr. Simoni harm. As a direct and proximate result of Plaintiffs' negligent and wrongful conduct,

DEFENDANTS' ANSWER AND COUNTERCLAIM TO COMPLAINT

Dec.21. 2007 11:16AM    KNOPFLER SMITH & PAZOS APLC    No.9963    P. 24

1 | Dr. Simoni has been damaged and continues to suffer damage in an amount
2 | according to proof at trial.

### Fourth Counterclaim for Relief
### by Defendant Simoni against all Plaintiffs
### [for Intentional Misrepresentation]

43. Defendant Simoni incorporates by reference the allegations contain in the preceding paragraphs as if fully set forth herein.

44. Upon information and belief, Dr. Simoni alleges that at the time Plaintiffs made the representations and promises to Dr. Simoni set forth in Paragraphs 9 through 11 above, Plaintiffs knew that the representations and promises were false and that Plaintiffs did not intend to fully perform as represented and promised. Rather, Plaintiffs made the representations and promises to induce Dr. Simoni to resign from his employment in New York, enter into an "independent contractor" relationship with Plaintiffs and to relocate to California.

45. Upon information and belief, Dr. Simoni alleges that, at the time Plaintiffs made the representations and promises, Plaintiffs intended that Dr. Simoni rely on the representations. Dr. Simoni reasonably and justifiably did rely upon the truth of Plaintiffs representations and promises in resigning from his employment in New York, entering into the Agreements with Plaintiffs and relocating to California to provide the requested services at Plaintiffs Facilities.

40. Upon information and belief, Dr. Simoni alleges that as a direct and proximate result of the conduct of Plaintiffs, Dr. Simoni was damaged and continues to suffer damage by Defendants' acts and omissions, including but not limited to, the loss of the benefit of the bargain pertaining to the Agreement and other consequential and incidental damages in an amount according to proof at trial and that his reliance on Plaintiffs representations was a substantial factor in causing Dr. Simoni's damages.

1    44.    Upon information and belief, Dr. Simoni alleges that Plaintiffs'

2    fraudulent conduct was taken with the intent to injure Dr. Simoni, or with a willful

3    and conscious disregard of Dr. Simoni's rights and property and that such

4    fraudulent conduct constitutes clear and convincing evidence of despicable,

5    outrageous, oppressive, and malicious conduct pursuant to California Civil Code

6    §3294.  As such, Plaintiff is entitled to punitive damages and exemplary damages

7    against Plaintiffs for the sake of example and to punish Plaintiffs for their

8    unlawful conduct.

9                    **Fifth Counterclaim for Relief**

10           **by Defendant Simoni against Plaintiffs LLH and BHPSC**

11                    **[for Wrongful Termination]**

12    46.    Defendant Simoni incorporates by reference the allegations contain in

13    the preceding paragraphs as if fully set forth herein.

14    47.    Dr. Simoni, on one hand, and Plaintiffs, on the other hand, agreed at

15    the outset of their relationship that Dr. Simoni would be an independent

16    contractor, and not an employee of the Plaintiffs.  This employment relationship

17    was expressly set forth in the Agreements between Dr. Simoni and Plaintiffs.  As

18    such, Dr. Simoni believes that he was an independent contractor at all times he

19    provided services to patients at the Plaintiffs' Facility.  If, however, it should be

20    determined that the relationship between Dr. Simoni and Plaintiffs was one of

21    employer-employee, then Dr. Simoni alleges that he is entitled to the protections

22    of under California law which require that employer's refrain from discharging an

23    employee in violation of public policy.

24    48.    Upon information and belief, Dr. Simoni alleges that if Dr. Simoni is

25    deemed to be an employee of Plaintiffs, Plaintiffs' termination of Dr. Simoni was

26    wrongful and in violation of public policy because Plaintiffs terminated

27    Dr. Simoni for advocating that patients seen at Plaintiffs' facility receive

28    appropriate medical care.

49.     As a result of Plaintiffs wrongful termination of Dr. Simoni, Defendant, Dr. Simoni has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, the exact amount of which will be proven at trial.

50.     Upon information and belief, Dr. Simoni alleges that Plaintiffs and each of them acted for the purpose of causing Dr. Simoni to suffer financial loss and are guilty of oppression and malice, justifying an award of exemplary and punitive damages.

## Sixth Counterclaim for Relief
## by Defendant Simoni against Plaintiffs LLH and BHPSC
## [for Retaliation]

51.     Defendant Simoni incorporates by reference the allegations contain in the preceding paragraphs as if fully set forth herein.

52.     Dr. Simoni, on one hand, and Plaintiffs, on the other hand, agreed at the outset of their relationship that Dr. Simoni would be an independent contractor, and not an employee of the Plaintiffs. This employment relationship was expressly set forth in the Agreements between Dr. Simoni and Plaintiffs. As such, Dr. Simoni believes that he was an independent contractor at all times he provided services to patients at the Plaintiffs' facility. If, however, it should be determined that the relationship between Dr. Simoni and Plaintiffs was one of employer-employee, then Dr. Simoni alleges that he is entitled to the protections of under California law which require that an employer's refrain from discharging an employee in violation of public policy.

53.     If Dr. Simoni is deemed to be an employee of Plaintiffs, Plaintiffs' termination of Dr. Simoni was wrongful and in violation of public policy and constituted an unlawful retaliation against Dr. Simoni for advocating that the patients seen at Plaintiffs' facility receive appropriate medical care.

1    54.    As a result of Plaintiffs retaliation against Dr. Simoni, Defendant,

2 Dr. Simoni has suffered and continues to suffer damages, in the form of lost wages

3 and other employment benefits, the exact amount of which will be proven at trial.

4    55.    Upon information and belief, Dr. Simoni alleges that Plaintiffs and

5 each of them acted for the purpose of causing Dr. Simoni to suffer financial loss

6 and are guilty of oppression and malice, justifying an award of exemplary and

7 punitive damages.

8                       **Seventh Counterclaim for Relief**

9           **by Defendant Simoni against Plaintiffs LLH and BHPSC**

10                     **[for Breach of Contract-Wrongful Term]**

11    56.    Defendant Simoni incorporates by reference the allegations contain in

12 the preceding paragraphs as if fully set forth herein.

13    57.    Dr. Simoni, on one hand, and Plaintiffs, on the other hand, agreed at

14 the outset of their relationship that Dr. Simoni would be an independent

15 contractor, and not an employee of the Plaintiffs. This employment relationship

16 was expressly set forth in the Agreements between Dr. Simoni and Plaintiffs. As

17 such, Dr. Simoni believes that he was an independent contractor at all times he

18 provided services to patients at the Plaintiffs' facility. If, however, it should be

19 determined that the relationship between Dr. Simoni and Plaintiffs was one of

20 employer-employee, then Dr. Simoni alleges that he is entitled to the protections

21 of under California law which require that an employer's refrain from discharging

22 an employee in violation of public policy.

23    58.    Upon information and belief, Dr. Simoni alleges that if Dr. Simoni is

24 deemed to be an employee of Plaintiffs, Plaintiffs' termination of Dr. Simoni

25 constituted a breach of contract as his termination was wrongful and in violation

26 of public policy.

27

28

Dec.21. 2007 11:15AM    KNOPFLER SMITH & PAZOS APLC    No.9963    P. 28

1  59.    As a result of Plaintiffs breach of contract, Defendant, Dr. Simoni has

2  suffered and continues to suffer damages, in the form of lost wages and other

3  employment benefits, the exact amount of which will be proven at trial.

4  60.    Upon information and belief, Dr. Simoni alleges that Plaintiffs and

5  each of them acted for the purpose of causing Dr. Simoni to suffer financial loss

6  and are guilty of oppression and malice, justifying an award of exemplary and

7  punitive damages.

8  ### Eighth Counterclaim for Relief

9  ### by Defendant Simoni against Plaintiffs LLH and BHPSC

10  ### [for Labor Code, §970]

11  61.    Defendant Simoni incorporates by reference the allegations contain in

12  the preceding paragraphs as if fully set forth herein.

13  62.    Dr. Simoni, on one hand, and Plaintiffs, on the other hand, agreed at

14  the outset of their relationship that Dr. Simoni would be an independent

15  contractor, and not an employee of the Plaintiffs.  This employment relationship

16  was expressly set forth in the Agreements between Dr. Simoni and Plaintiffs.  As

17  such, Dr. Simoni believes that he was an independent contractor at all times he

18  provided services to patients at the Plaintiffs facilities.  If, however, it should be

19  determined that the relationship between Dr. Simoni and Plaintiffs was one of

20  employer-employee, then Dr. Simoni alleges that he is entitled to the protections

21  of the Labor Code §970 which prohibits knowingly false representations about

22  compensation and other conditions of employment which are made to induce an

23  employee to relocate to California from another state.

24  63.    Upon information and belief, Dr. Simoni alleges that s a result of

25  Plaintiffs false promises and representations set forth in Paragraphs 9 through 11,

26  Dr. Simoni is entitled to recover double damages of all amounts sought as breach

27  of contract and other labor related damages pursuant to Labor Code §972.

28

- 28 -

Dec.21. 2007 11:15AM    KNOPFLER SMITH & PAZOS APLC    No.9953    P. 29

## Ninth Counterclaim for Relief

## by Defendant Simoni against Plaintiffs LLH and BHPSC

## [for Violation of Bus. & Prof. Code, §2056]

64.     Defendant Simoni incorporates by reference the allegations contain in paragraphs 1 through 31 as if fully set forth herein.

65.     Upon information and belief, Dr. Simoni alleges that as a result of the conduct set forth in paragraph 1 through 31, Plaintiffs violated <u>Business &</u> <u>Professions</u> Code, §2056 and that said violation proximately caused damage to Defendant Simoni in an amount according to proof, but in excess of $300,000.

WHEREFORE, Dr. Simoni prays:

### As to the First Counterclaim For Relief

1.     For compensatory damages according to proof, but in excess of $50,000;

2.     For attorney fees and costs;

### As to the Second Counterclaim For Relief

1.     For general and specific damages according to proof, but in excess of $10,000;

2.     For exemplary and punitive damages according to proof;

### As to the Third Counterclaim For Relief

1.     For general and specific damages according to proof, but in excess of $10,000;

2.     For exemplary and punitive damages according to proof;

### As to the Fourth Counterclaim For Relief

1.     For general and specific damages according to proof, but in excess of $50,000;

2.     For exemplary and punitive damages according to proof;

- 29 -

**As to the Fifth Counterclaim For Relief**

    1.    For general and specific damages according to proof, but in excess of $300,000;

    2.    For exemplary and punitive damages according to proof;

**As to the Sixth Counterclaim For Relief**

    1.    For general and specific damages according to proof, but in excess of $300,000;

    2.    For exemplary and punitive damages according to proof;

**As to the Seventh Counterclaim For Relief**

    1.    For compensatory damages according to proof, but in excess of $300,000;

    2.    For attorney fees and costs;

**As to the Eighth Counterclaim For Relief**

    1.    For double damages resulting from Plaintiffs breach of contract and other Labor Code violations in an amount according to proof, but in excess of $600,000;

**As to the Ninth Counterclaim For Relief**

    1.    For consequential damages according to proof, but in excess of $300,00;

**As to All Counterclaims for Relief:**

    1.    For costs of suit; and

    2.    For such other and further relief as the court may deem proper.

    3.    For prejudgment interest to the extent allowable by law.

DATED:  December 21, 2007        KNOPFLER & PAZOS
                                    An Association of Professional Law Corps.

By:                                      
James Pazos, Esq.
Attorneys for Defendants Payman
Simoni and Simon Plastic Surgery
Inc.,

– 30 –

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of eighteen (18) and am not a party to the within action; my business address is 31194 La Baya Drive, Suite 101, Westlake Village, California 91362.

On December 21, 2007, I served the following document(s) described as on all interested parties to this action, as follows: DEFENDANTS' ANSWER AND COUNTERCLAIM, JURY TRIAL DEMANDED

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

[Attorneys for Plaintiff]

Robert Berliner, Esq.
555 West Fifth Street, 31st Floor
Los Angeles, CA 90013
(213) 533-4171
(213) 533-4174 Fax
rberliner@berliner-ip.com

Steven A. Berliner, Esq.
2300 South Sepulveda Boulevard
Los Angeles, CA 90064-1911
(310) 478-3940
(310) 478-3950 Fax
sberliner@berlinerlawfirm.com

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with our office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at , in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY FAX:** I caused the above-referenced document to be transmitted via facsimile from Fax 818-991-2270 to SERVICE LIST.

☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the addressee(s).

☐ **BY OVERNITE EXPRESS:** I caused such envelope to be delivered by Overnite Express to

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of December, 2007, at Westlake Village, California.

Rebecca Luna

- 31 -
PROOF OF SERVICE