Robert Berliner, Esq. (SBN 39519)
Email: rberliner@berliner-ip.com
555 W. Fifth Street, 31st Floor
Los Angeles, CA 90013
Tel.: (213) 533-4171
Fax: (213) 533-4174

Steven A. Berliner, Esq. (SBN 151996)
Email: sberliner@berlinerlawfirm.com
2300 S. Sepulveda Blvd.
Los Angeles, CA 90064-1911
Tel.: (310) 478-3940
Fax: (310) 478-3950

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFESTYLE LIFT HOLDING, INC., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>PAYMAN SIMONI, *et al.*,<br><br>　　　　　　　Defendants. | Case No. CV07-7007 CAS (PLAx)<br><br>**COUNTER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM; DEMAND FOR JURY TRIAL** |
| PAYMAN SIMONI, *et al.*,<br><br>　　　　　　　Counterclaimants,<br><br>　vs.<br><br>LIFESTYLE LIFT HOLDING, INC., *et al.*,<br><br>　　　　　　　Counterdefendants. | |

Dockets.Justia.com

Counter Defendants LIFESTYLE LIFT HOLDING, INC. (hereinafter "LLH"), BEVERLY HILLS PLASTIC SURGERY CENTER, PROF. CORP. (hereinafter "BHPSC"), and SANTA ANA SURGICAL CENTER, PROF. CORP. (hereinafter "SASC") (collectively "Counter Defendants") hereby answer, jointly and severally, in response to the Counterclaim of Defendant and Counter Claimant PAYMAN SIMONI (hereinafter "Simoni"), as follows:

1. Answering paragraph 1 of the Counterclaim, Counter Defendants are informed and believe that Simoni is a resident of the State of California, but Defendants do not know that to be true. Counter Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph, and on that basis deny each and every remaining allegation contained therein.

2. Answering paragraph 2 of the Counterclaim, Counter Defendants admit LLH is a corporation, incorporated under the laws of the State of Michigan. Counter Defendants deny each and every remaining allegation in this paragraph.

3. Answering paragraph 3 of the Counterclaim, Counter Defendants admit all allegations therein.

4. Answering paragraph 4 of the Counterclaim, Counter Defendants admit all allegations therein.

5. Answering paragraph 5 of the Counterclaim, Counter Defendants deny each and every allegation therein.

6. Answering paragraph 6 of the Counterclaim, Counter Defendants deny each and every allegation therein.

7. Answering paragraph 7 of the Counterclaim, Counter Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph, and on that basis deny each and every allegation contained therein.

8. Answering paragraph 8 of the Counterclaim, Counter Defendants admit that on or about June 2006 while Simoni appeared to reside in New York, Simoni was approached by Ken Field about the possibility of Simoni's rendering medical services on behalf of SASC and /or BHPSC. Counter Defendants deny each and every remaining allegation in this paragraph.

9. Answering paragraph 9 of the Counterclaim, Counter Defendants deny each and every allegation therein.

10. Answering paragraph 10 of the Counterclaim, Counter Defendants deny each and every allegation therein.

11. Answering paragraph 11 of the Counterclaim, Counter Defendants admit that Simoni ceased rendering services at LL NYLI Meidcal, PC sometime in August 2006. Counter Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph, and on that basis deny each and every remaining allegation contained therein.

12. Answering paragraph 12 of the Counterclaim, Counter Defendants

admit that Simoni signed a written professional services agreement with SASC dated July 19, 2006, a copy of which is attached to the Complaint as Exhibit "2". Counter Defendants deny Exhibit "A" is attached to the Counterclaim as alleged. Counter Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph, and on that basis deny each and every remaining allegation contained therein.

13. Answering paragraph 13 of the Counterclaim, Counter Defendants admit that Simoni entered into an agreement with BHPSC. Counter Defendants deny Exhibit "B" is attached to the Counterclaim as alleged. Counter Defendants are without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph, and on that basis deny each and every remaining allegation contained therein.

14. Answering paragraph 14 of the Counterclaim, Counter Defendants deny each and every allegation therein.

15. Answering paragraph 15 of the Counterclaim, Counter Defendants deny each and every allegation therein.

16. Answering paragraph 16 of the Counterclaim, Counter Defendants admit that Simoni raised the issue with Dr. Koch. Counter Defendants deny each and every allegation therein.

17. Answering paragraph 17 of the Counterclaim, Counter Defendants deny each and every allegation therein.

18. Answering paragraph 18 of the Counterclaim, Counter Defendants deny each and every allegation therein.

19. Answering paragraph 19 of the Counterclaim, Counter Defendants deny each and every allegation therein.

20. Answering paragraph 20 of the Counterclaim, Counter Defendants deny each and every allegation therein.

21. Answering paragraph 21 of the Counterclaim, Counter Defendants deny each and every allegation therein.

22. Answering paragraph 22 of the Counterclaim, Counter Defendants deny each and every allegation therein.

## **COUNT ONE**

23. Answering paragraph 23 of the Counterclaim, Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

24. Answering paragraph 24 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

25. Answering paragraph 25 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

26. Answering paragraph 26 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

27. Answering paragraph 27 of the Counterclaim, Counter Defendants

LLH and BHPSC deny each and every allegation therein.

28. Answering paragraph 28 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

29. Answering paragraph 29 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

30. Answering paragraph 30 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT TWO

31. Answering paragraph 31 of the Counterclaim, Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

32. Answering paragraph 32 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

33. Answering paragraph 33 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

34. Answering paragraph 34 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

35. Answering paragraph 35 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

36. Answering paragraph 36 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

37. Answering paragraph 37 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT THREE

38. Answering paragraph 38 of the Counterclaim, Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

39. Answering paragraph 39 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

40. Answering paragraph 40 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

41. Answering paragraph 41 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

42. Answering paragraph 42 of the Counterclaim, Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT FOUR

43. Answering paragraph 43 of the Counterclaim, Counter Defendants incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

44. Answering paragraph 44 of the Counterclaim, Counter Defendants deny each and every allegation therein.

45. Answering paragraph 45 of the Counterclaim, Counter Defendants

deny each and every allegation therein.

46. Answering paragraph 46 of the Counterclaim (mis-numbered as 40), Counter Defendants deny each and every allegation therein.

47. Answering paragraph 47 of the Counterclaim (mis-numbered as 44), Counter Defendants deny each and every allegation therein.

## COUNT FIVE

48. Answering paragraph 48 of the Counterclaim (mis-numbered as 46), Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

49. Answering paragraph 49 of the Counterclaim (mis-numbered as 47), Counter Defendants LLH and BHPSC admit that Simoni acted as an independent contractor until January 2007. Counter Defendants LLH and BHPSC deny each and every remaining allegation therein.

50. Answering paragraph 50 of the Counterclaim (mis-numbered as 48), Counter Defendants LLH and BHPSC deny each and every allegation therein.

51. Answering paragraph 51 of the Counterclaim (mis-numbered as 49), Counter Defendants LLH and BHPSC deny each and every allegation therein.

52. Answering paragraph 52 of the Counterclaim (mis-numbered as 50), Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT SIX

53. Answering paragraph 53 of the Counterclaim (mis-numbered as 51), Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

54. Answering paragraph 54 of the Counterclaim (mis-numbered as 52), Counter Defendants LLH and BHPSC admit that Simoni acted as an independent contractor until January 2007. Counter Defendants LLH and BHPSC deny each and every remaining allegation therein.

55. Answering paragraph 55 of the Counterclaim (mis-numbered as 53), Counter Defendants LLH and BHPSC deny each and every allegation therein.

56. Answering paragraph 56 of the Counterclaim (mis-numbered as 54), Counter Defendants LLH and BHPSC deny each and every allegation therein.

57. Answering paragraph 57 of the Counterclaim (mis-numbered as 55), Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT SEVEN

58. Answering paragraph 58 of the Counterclaim (mis-numbered as 56), Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

59. Answering paragraph 59 of the Counterclaim (mis-numbered as 57), Counter Defendants LLH and BHPSC admit that Simoni acted as an independent

contractor until January 2007. Counter Defendants LLH and BHPSC deny each and every remaining allegation therein.

60. Answering paragraph 60 of the Counterclaim (mis-numbered as 58), Counter Defendants LLH and BHPSC deny each and every allegation therein.

61. Answering paragraph 61 of the Counterclaim (mis-numbered as 59), Counter Defendants LLH and BHPSC deny each and every allegation therein.

62. Answering paragraph 62 of the Counterclaim (mis-numbered as 60), Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT EIGHT

63. Answering paragraph 63 of the Counterclaim (mis-numbered as 61), Counter Defendants LLH and BHPSC incorporate by this reference the answers contained in all preceding paragraphs of this Answer as though fully set forth herein.

64. Answering paragraph 64 of the Counterclaim (mis-numbered as 62), Counter Defendants LLH and BHPSC admit that Simoni acted as an independent contractor until January 2007. Counter Defendants LLH and BHPSC deny each and every remaining allegation therein.

65. Answering paragraph 65 of the Counterclaim (mis-numbered as 63), Counter Defendants LLH and BHPSC deny each and every allegation therein.

## COUNT NINE

66. Answering paragraph 66 of the Counterclaim (mis-numbered as 64),

Counter Defendants LLH and BHPSC deny each and every allegation therein.

67. Answering paragraph 67 of the Counterclaim (mis-numbered as 65), Counter Defendants LLH and BHPSC deny each and every allegation therein.

**AFFIRMATIVE DEFENSES**

68. AS A FIRST AFFIRMATIVE DEFENSE, Counter Defendants allege a setoff to any amounts deemed owing to Simoni on the Counterclaim all damages and other sums deemed owing to Plaintiffs by Simoni.

69. AS A SECOND AFFIRMATIVE DEFENSE, Counter Defendants allege that Simoni has failed to reasonably mitigate the damages claimed.

70. AS A THIRD AFFIRMATIVE DEFENSE, Counter Defendants LLH and BHPSC allege that their conduct claimed to be an intentional and/or negligent interference with prospective economic advantage was justified and/or privileged under the circumstances, including by their exercise of rights under California Civil Code Section 47(c).

71. AS A FOURTH AFFIRMATIVE DEFENSE, Counter Defendants allege that Simoni's employment contract with BHPSC began effective January 1, 2007, and that Simoni's independent contractor agreement with SASC terminated effective January 1, 2007, including by implied in fact agreement.

72. AS A FIFTH AFFIRMATIVE DEFENSE, Counter Defendants allege that Simoni's Counterclaim fails to state a claim for which relief can be granted.

73. AS A SIXTH AFFIRMATIVE DEFENSE, Counter Defendants allege that Simoni's Counterclaim is without subject matter jurisdiction in this Court.

74. AS A SEVENTH AFFIRMATIVE DEFENSE, Counter Defendants LLH and BHPSC allege that Simoni was terminated with 45 days prior written notice, as agreed, and that said termination and termination of the 90 day follow-up patient care period was for cause including for violation of Simoni's physician responsibilties, and for Simoni's willful breach of duty and habitual neglect of duty. Such violation and breach of responsibilities and duty included outstanding claims of inadequate patient service, observed substandard surgical performance, use of the Lifestyle Lift mark as alleged in the complaint, the unlawful steering of BHPSC patients to Simoni's own practice, the unauthorized sale of products to BHPSC patients on the BHPSC premises, and false statements made in Simoni's CV regarding board certifications.

WHEREFORE, Counter Defendants pray, jointly and severally, for relief as follows:

1. That Simoni take nothing by reason of his counterclaim;

2. That judgment be entered against Simoni and in favor of Counter Defendants;

3. That Counter Defendants be awarded their costs of suit; and

4. That the Court enter such other and further relief as is appropriate.

Dated: January 14, 2008        By: _____
                                    Steven A. Berliner, Esq.
                                    Attorney for All Plaintiffs and All
                                    Counter Defendants

## DEMAND FOR JURY TRIAL

Counter Defendants hereby demand trial by jury.

Dated: January 14, 2008  By: _____
Steven A. Berliner, Esq.
Attorney for All Plaintiffs and All
Counter Defendants

# PROOF OF SERVICE

I, Steven A. Berliner, hereby declare:

My business address is 2300 S. Sepulveda Blvd., Los Angeles, California, in the city and county of Los Angeles. I am over the age of eighteen years and am not a party to this action.

On January 14, 2008, I served on all parties in the action

**COUNTER DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM; DEMAND FOR JURY TRIAL**

__x__ (by mail) by depositing a true copy thereof in a sealed envelope with postage fully paid in the United States mail at Los Angeles, California, to the addresses shown below.

____ (by personal delivery) by having a messenger personally deliver a true copy thereof to the person(s) listed below, at the address(es) set forth below.

____ (by overnight mail) by depositing a true copy thereof in a sealed packet for overnight delivery, with charges thereon fully prepaid, in a Federal Express / UPS collection box, at Los Angeles, California, and addressed as set forth below.

____ (by facsimile transmission) by transmitting said document(s) from my office machine, (310) 478-3950, to facsimile machine number(s) shown below. Following transmission, I received a "Transmission Report" from our fax machine indicating that the document(s) had been transmitted without error.

**Original** ___          **Copy** _x_

Robert Berliner
BERLINER & ASSOCIATES
533 West Fifth St., 31st Floor
Los Angeles, CA 90013

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 14, 2008          Signed: _____
                                                Steven A. Berliner

14